**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JOCELYN VICTOR,

      Plaintiff,

  v.

LIFE INSURANCE COMPANY OF NORTH
AMERICA,

      Defendant.

Civil Action No. 2:26-cv-5803

## COMPLAINT

1. Plaintiff Jocelyn Victor brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA") against Defendant Life Insurance Company of North America to recover short-term disability benefits wrongfully denied under an employee welfare benefit plan sponsored by Plaintiff's employer, Nutrition & Biosciences. This action arises under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Plaintiff reserves all rights and remedies available under ERISA § 502(a) and § 502(g), 29 U.S.C. § 1132(a) and (g).

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically ERISA.

3. This Court also has jurisdiction under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

4. Venue is proper in this District under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b). Defendant maintains an office and conducts business at 50 South 16th Street,

Two Liberty Place, Philadelphia, Pennsylvania 19102, and therefore may be found in this District within the meaning of 29 U.S.C. § 1132(e)(2).

5. Plaintiff Jocelyn Victor is an adult individual residing at 224 Harlequin Drive, New Castle, Delaware 19720. At all relevant times, Plaintiff was employed by Nutrition & Biosciences and was a participant in the employee welfare benefit plan at issue.

6. Defendant Life Insurance Company of North America maintains an office and conducts business at 50 South 16th Street, Two Liberty Place, Philadelphia, Pennsylvania 19102. Defendant issued, insured, funded, administered, and/or made benefit determinations under the disability coverage at issue in this action.

7. At all relevant times, Plaintiff was employed by Nutrition & Biosciences and was eligible for and covered under a short-term disability plan sponsored by her employer (the "Plan").

8. The Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), and is governed by ERISA.

9. The Plan is identified by Plan Number SHD-0963620.

10. Plaintiff's claim under the Plan is identified by Claim Number 13369020-01.

11. Plaintiff's job title and the material duties of her occupation required physical and cognitive capacities that Plaintiff was no longer able to perform as of her date last worked, March 23, 2023.

12. Plaintiff became disabled and unable to perform the material duties of her occupation due to Migraines, brain inflammation, multiple sclerosis.

13. Plaintiff's functional limitations prevented her from performing the material duties of her occupation as required by the Plan.

14. Plaintiff submitted medical and other claim information supporting her disability and entitlement to benefits under the Plan.

15. Plaintiff has satisfied all conditions precedent to the recovery of benefits under the Plan, or such conditions have been waived, excused, or otherwise discharged.

16. Plaintiff submitted a claim for short-term disability benefits under the Plan.

17. Defendant issued an adverse benefit determination denying Plaintiff's claim for benefits.

18. Plaintiff timely appealed Defendant's adverse benefit determination.

19. By letter dated August 9, 2023, Defendant issued a final adverse benefit determination upholding the denial of Plaintiff's claim for short-term disability benefits.

20. In the August 9, 2023 final denial letter, Defendant stated: "After completing our review of your claim, we must uphold our prior decision to deny your claim."

21. Plaintiff has exhausted the administrative remedies available to her under the Plan and 29 C.F.R. § 2560.503-1.

## STANDARD OF REVIEW

22. Plaintiff contends that Defendant's adverse benefit determination should be reviewed de novo. Plaintiff does not concede that the Plan contains a valid, enforceable, and applicable grant of discretionary authority sufficient to alter the default de novo standard of review applicable to claims brought under ERISA § 502(a)(1)(B).

23. To the extent Defendant contends that arbitrary-and-capricious or abuse-of-discretion review applies, Plaintiff denies that contention, preserves all arguments for de novo review, and alternatively alleges that Defendant's adverse benefit determination was arbitrary and capricious, an abuse of discretion, unsupported by substantial evidence, contrary to the terms of the Plan, and erroneous as a matter of law.

COUNT I — CLAIM FOR BENEFITS UNDER ERISA § 502(a)(1)(B)

24. Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

25. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), authorizes a plan participant to bring a civil action to recover benefits due under the terms of the plan and to enforce her rights under the terms of the plan.

26. Plaintiff was at all relevant times a participant in the Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7).

27. Under the terms of the Plan, Plaintiff is entitled to short-term disability benefits because she became unable to perform the material duties of her occupation as a result of covered medical conditions.

28. Defendant's denial of Plaintiff's claim for short-term disability benefits was wrongful and contrary to the terms of the Plan.

29. As a direct and proximate result of Defendant's wrongful denial, Plaintiff has been deprived of short-term disability benefits to which she is entitled under the Plan.

30. Plaintiff is entitled to recover all past-due short-term disability benefits owed under the Plan, together with prejudgment interest, attorney's fees and costs under ERISA § 502(g), 29 U.S.C. § 1132(g), and such further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and award the following relief:

A. Past-due short-term disability benefits from the date of termination through the date of judgment;

B. Prejudgment interest on past-due benefits;

C. Attorney's fees and costs under ERISA § 502(g), 29 U.S.C. § 1132(g);

D. Costs of suit; and

E. Such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL

Plaintiff respectfully requests a trial on the administrative record.

Respectfully submitted,

/s/Nicholas Feden
Nicholas Feden
Feden Law Group PLLC
Attorney ID: 307902
711 West Ave.
Jenkintown, PA 19046
Tel. 267-234-7465
nfeden@fedenlawgroup.com

Attorney for Plaintiff